IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

|  |  |
|---|---|
| JORDAN OUTDOOR ENTERPRISES, LTD., | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *  CASE NO. 4:10-CV-16 (CDL) |
| | * |
| THAT 70'S STORE, LLC and RICK W. MORGAN, | * |
| | * |
| Defendants. | * |

O R D E R

Plaintiff Jordan Outdoor Enterprises, LTD. ("JOEL" or "Plaintiff") sued Defendants That 70's Store, LLC ("That 70's Store") and Rick W. Morgan ("Morgan") (collectively "Defendants") for trademark infringement, trademark dilution, unfair competition, and deceptive trade practices. Defendants never filed a proper answer to Plaintiff's Complaint, and a default judgment was entered against Defendants. Default J., ECF No. 14. Defendants subsequently filed the presently pending Motion to Set Aside Entry of Default Judgment (ECF No. 15), pursuant to Federal Rule of Civil Procedure 60(b)(4) for lack of personal jurisdiction. For the following reasons, the Court finds that Plaintiff has not satisfied the requirements of Georgia's long-arm statute. Therefore, Defendants' motion is

granted, and this action is dismissed for lack of personal jurisdiction.

## MOTION TO SET ASIDE DEFAULT JUDGMENT STANDARD

The Court may relieve a party from a final judgment if the judgment is void. Fed. R. Civ. P. 60(b)(4). A judgment entered without personal jurisdiction over the defendant is void. *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 924 (11th Cir. 2007). Where the defendant challenges the exercise of personal jurisdiction after entry of a default judgment, "the plaintiff bears the ultimate burden of establishing that personal jurisdiction is present." *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009).

## BACKGROUND

The Court permitted the parties to engage in limited jurisdictional discovery to ascertain the full nature of Defendants' contacts with the state of Georgia. Text Only Order, Mar. 1, 2011; *see also* Scheduling Order, Mar. 16, 2011, ECF No. 28. After completing that discovery, the parties supplemented their previously filed motion and motion responses. *See* Pl.'s Supplemental Mem. Regarding Personal Jurisdiction Under Georgia's Long-Arm Statute, ECF No. 32 [hereinafter Pl.'s Supplemental Mem.]; Defs.' Reply to Pl.'s Supplemental Mem. Regarding Personal Jurisdiction Under Georgia's Long-Arm Statute, ECF No. 33 [hereinafter Defs.' Reply to Pl.'s

Supplemental Mem.]. The present record establishes the following.

JOEL owns numerous copyrights and trademarks for "REALTREE" brand camouflage patterns and goods bearing the REALTREE name and incorporating the camouflage patterns. JOEL is a Georgia corporation with its principal place of business in Columbus, Georgia. That 70's Store is incorporated in Arkansas and has its principal place of business in Conway, Arkansas. Mem. Br. in Supp. of Defs.' Mot. to Set Aside Entry of Default J. Ex. A, Morgan Aff. ¶ 2, ECF No. 16-1. Morgan is a resident of Arkansas. *Id.* ¶ 1. That 70's Store is not licensed to do business in Georgia and does not have an agent for service of process in Georgia. *Id.* ¶ 3. That 70's Store has no subsidiaries, offices, employees, real or personal property, records or assets in Georgia. *Id.*

Defendants promote and sell articles of clothing bearing a marijuana leaf camouflage pattern and using the marks "REAL BUD," "REALBUD," "REAL BUD CAMO," and "REALBUD CAMO" (collectively "REALBUD marks" or "REALBUD products"). Morgan Aff. ¶ 4; Pl's Mem. in Opp'n to Defs.' Mot. to Set Aside Entry of Default J. [hereinafter Pl.'s Mem.] Ex. C, That 70's Store Website Home 2-3, ECF No. 18-4; Pl.'s Mem. Ex. A, RealBudCamo - Products 3-7, ECF No. 18-2. Defendants own and operate two websites that display the REALBUD marks. Defendants'

3

www.that70sstore.com website displays images of REALBUD products and represents that the products are for sale at That 70's Store. Pl's Mem. Ex. C, That 70's Store Website Home 1-2, ECF No. 18-4. The website encourages customers to make their "friends jealous" by "[w]ear[ing] the best shirt in town. REALBUD!!!! Everybody needs a hat!!!!" *Id.* at 1. The website explains that "REALBUD CAMO is not just for you hunters out there but for everyone's daily apparel!" *Id.* at 2. Defendants' www.realbudcamo.com website offers REALBUD products for sale and allows customers to purchase REALBUD products using the website's shopping cart feature. Pl.'s Mem. Ex. A, RealBudCamo - Products 3-7, ECF No. 18-2; Pl.'s Mem. Ex. B, Shopping Cart, ECF No. 18-3. Available clothing includes bandanas, caps, logo tees, and t-shirts. *Id.*

It is undisputed that neither the www.that70sstore.com website nor the www.realbudcamo.com website generated any sales of REALBUD products in Georgia. Morgan Aff. ¶¶ 6-7; Pl.'s Supplemental Mem. 5. Plaintiff, however, did submit evidence that Georgia residents accessed Defendants' www.realbudcamo.com website. *See* Pl.'s Supplemental Mem. Ex. B, Internet Traffic Report for www.realbudcamo.com, ECF No. 32-3; Pl.'s Supplemental

Mem. Ex. C, Geographic Location Report of Internet Traffic, ECF No. 32-4.[1]

## DISCUSSION

For Defendants to be subject to personal jurisdiction here, "the exercise of jurisdiction must (1) be appropriate under the [Georgia] long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257-58 (11th Cir. 2010) (internal quotation marks omitted). Notwithstanding some Georgia Appeals Court decisions to the contrary, the Eleventh Circuit has clearly held that "the Georgia long-arm statute does not grant courts in Georgia personal jurisdiction that is coextensive with procedural due process," but instead "imposes independent obligations that a plaintiff must establish for the exercise of personal jurisdiction that are distinct from the demands of procedural due process." *Id.* at 1259. "[C]ourts must apply the

---

[1] Defendants submitted the affidavit of a network engineer to contest the reliability of Plaintiff's evidence, claiming that the evidence does not conclusively establish that twelve Georgia residents actually accessed the www.realbudcamo.com website. See Defs.' Reply to Pl.'s Supplemental Mem. Ex. A, Dunn Aff., ECF No. 33-1. Further, Defendants argue that the Court should strike Plaintiff's counsel's affidavit and attached exhibits as a violation of Georgia Rule of Professional Conduct 3.7. Even if the Court accepts Plaintiff's evidence as true for the purposes of this Order, the Court concludes that Defendants' conduct in Georgia does not satisfy the requirements of the Georgia long-arm statute. Accordingly, the Court finds it unnecessary to rule on Defendants' motion to strike.

specific limitations and requirements of O.C.G.A. § 9-10-91 literally and must engage in a statutory examination that is independent of, and distinct from, the constitutional analysis to ensure that both, separate prongs of the jurisdictional inquiry are satisfied." *Id.* at 1263. Following this direction, the Court begins (and in this case ends) its analysis by examining whether Defendants' conduct meets the requirements of the Georgia long-arm statute.

**I.   Georgia's Long-Arm Statute**

Plaintiff relies upon three separate and independent bases for jurisdiction under the Georgia long-arm statute: (1) Defendants' transaction of business in Georgia; (2) Defendants' commission of a tort in Georgia; and (3) Defendants' commission of a tortious injury in Georgia caused by an act or omission outside of Georgia. The Georgia long-arm statute, O.C.G.A. § 9-10-91, provides in relevant part that:

> A court of this state may exercise personal jurisdiction over any nonresident or his or her executor or administrator, as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he were a resident of this state, if in person or through an agent, he or she:
>
> (1) Transacts any business within this state;
>
> (2) Commits a tortious act or omission within this state . . . ; [or]
>
> (3) Commits a tortious injury in this state caused by an act or omission outside this state if the tortfeasor regularly does or solicits business, or engages

6

      in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state[.]

O.C.G.A. § 9-10-91(1)-(3).

    A.    <u>Transacts Any Business in Georgia</u>

    To meet the "transacts any business" prong of the Georgia long-arm statute, a nonresident defendant must "'purposefully do[] some act or consummate[] some transaction'" in Georgia. *Diamond Crystal Brands, Inc.,* 593 F.3d at 1260 (quoting *Aero Toy Store, LLC v. Grieves*, 279 Ga. App. 515, 517, 631 S.E.2d 734, 737 (2006)). In *Innovative Clinical & Consulting Services, LLC v. First National Bank of Ames, Iowa*, 279 Ga. 672, 620 S.E.2d 352 (2005), the Supreme Court of Georgia clarified the requirements of the transacts any business prong, noting that "nothing in subsection (1) requires the physical presence of the nonresident in Georgia or minimizes the import of a nonresident's intangible contacts with the State." *Innovative Clinical & Consulting Servs., LLC,* 279 Ga. at 675, 620 S.E.2d at 355. "As a result, a nonresident's mail, telephone calls, and other 'intangible' acts, though occurring while the defendant is physically outside of Georgia, must be considered." *Diamond Crystal Brands, Inc.,* 593 F.3d at 1264. Jurisdiction under subsection (1) of the long-arm statute, however, still "expressly depends on the actual transaction of business—the

7

doing of some act or consummation of some transaction—by the defendant in the state." *Id.* at 1260.

Apparently unable to point to any consistent course of conduct on the part of Defendants that would amount to the traditional transaction of business in Georgia, Plaintiff relies upon the "due process personal jurisdiction test" expressed in *Calder v. Jones*, 465 U.S. 783 (1984) that Plaintiff contends has also been adopted by the Eleventh Circuit in *Licciardello v. Lovelady*, 544 F.3d 1280 (11th Cir. 2008). Plaintiff maintains that under that test personal jurisdiction is satisfied here because the Defendants committed an intentional tort aimed at Plaintiff in Georgia, and the effect of that tort was suffered by Plaintiff in Georgia. Relying on *Calder* and *Licciardello,* Plaintiff argues that Defendants' intentional display of the REALBUD marks on Defendants' websites, causing harm to JOEL in Georgia, constitutes an "act" sufficient to meet the transaction of business requirement of the Georgia long-arm statute.[2]

---

[2] Plaintiff contends that as a result of Defendants' default the Court must accept the facts contained in the Complaint as true, and thus trademark infringement by Defendants and injury to Plaintiff are established in this action. Defendants claim, however, that Plaintiff failed to introduce any evidence to support a finding that Defendants actually committed trademark infringement or caused injury to Plaintiff. Assuming for the purposes of this Order that Defendants infringed Plaintiff's trademarks and caused Plaintiff injury, the Court concludes that Defendants' conduct fails to meet the jurisdictional requirements of Georgia's long-arm statute. Therefore, the Court does not need to decide whether Plaintiff must introduce actual evidence of infringement or injury.

Pretermitting whether *Calder* and *Licciardello* would support a finding in the present case that the exercise of jurisdiction over Defendants would not offend notions of constitutional due process, the Court finds both cases inapplicable to the question of whether Defendants' conduct amounts to the transaction of business as contemplated by Georgia's long-arm statute. Conflating the *Calder/Licciardello* effects test into the transaction of business determination under O.C.G.A. § 9-10-91(1) would violate the Eleventh Circuit's directive that this Court must "engage in a statutory examination that is independent of, and distinct from, the constitutional analysis." *Diamond Crystal Brands, Inc.*, 593 F.3d at 1263. Furthermore, allowing the tortious injury suffered by JOEL in Georgia to be considered the transaction of business under subsection (1) of the long-arm statute would "turn the 'transacts any business within Georgia' prong into the new stepping stone around subsection (3)." *Id.* at 1262. Therefore, the Court rejects Plaintiff's argument that an injury suffered by JOEL in Georgia due to an intentional tort satisfies the Georgia long-arm statute's transaction of business requirement.

Plaintiff also argues that Defendants transacted business in Georgia by operating the www.that70sstore.com and www.realbudcamo.com websites. Both websites are accessible in

9

Georgia, the www.realbudcamo.com website offers REALBUD products for sale, and some evidence exists that Georgia residents accessed the www.realbudcamo.com website. It is undisputed, however, that no sales resulted from Georgia residents viewing the websites.

The Court finds that this evidence does not support a finding that Defendants transacted business in Georgia sufficient to meet the requirements of the Georgia long-arm statute. Defendants operated websites that are accessible everywhere and not specifically in Georgia. The websites do not target Georgia residents. The websites failed to generate any business for Defendants in Georgia. Defendants did not sell any products to Georgia residents through the internet or otherwise. Defendants did not ship any products to Georgia. The record fails to reveal any "intangible" conduct by Defendants in Georgia. Defendants have not corresponded via email, mail, or telephone with Georgia residents. The Court cannot conclude that merely operating a website accessible in Georgia, and everywhere else, constitutes "the actual transaction of business—the doing of some act or consummation of some transaction—by the [Defendants] *in the state*." *Diamond Crystal Brands, Inc.*, 593 F.3d at 1260 (emphasis added); *see also Aero Toy Store, LLC v. Grieves*, 279 Ga. App. 515, 523, 631 S.E.2d 734, 740 (2006) (finding that the defendant transacted business

10

in Georgia based on defendant's operation of an "interactive website through which it has reached out to, and done business with, persons in Georgia," and offering as a contrasting example, *Barton Southern Co. v. Manhole Barrier Systems*, 318 F. Supp. 2d (N.D. Ga. 2004), "where there was nothing on the [defendant's] website showing an intent to reach out to persons living in Georgia and no evidence that any Georgia residents had done business with the defendant either through the Internet or otherwise.").[3]

Based on the foregoing, the Court finds that Plaintiff has failed to demonstrate that Defendants transacted business in Georgia sufficient to meet the requirements of Georgia's long-arm statute.

B.  Tortious Act in Georgia

Plaintiff also argues that Defendants committed a tort in Georgia by causing the REALBUD marks to be displayed in Georgia on the websites. Therefore, Plaintiff maintains that this Court may exercise personal jurisdiction over Defendants under the

---

[3] The Court recognizes that in *Barton Southern Co.* the federal district court evaluated the defendant's contacts in the context of the due process inquiry and not under the Georgia long-arm statute. Moreover, the Court is mindful of the Eleventh Circuit's finding that the Georgia Court of Appeals in *Aero Toy Store, LLC* improperly collapsed the minimum contacts due process analysis into the transacts any business test. *Diamond Crystal Brands, Inc.*, 593 F.3d at 1260 n.11. The Court, however, still finds the reasoning from the *Aero Toy Store, LLC* decision instructive for its finding that, in contrast to *Barton Southern, Co.*, the defendant in *Aero Toy Store, LLC* had *done business with* persons in Georgia.

11

"commits a tortious act" in Georgia provision of the long-arm statute. Plaintiff again relies on *Licciardello*, arguing that the Eleventh Circuit construed language from Florida's long-arm statute identical to subsection (2) of Georgia's long-arm statute and concluded that a tort occurred in Florida. The Eleventh Circuit in *Licciardello*, however, recognized that Florida's "long-arm statute permits jurisdiction over the non-resident defendant who commits a tort outside of the state that causes injury inside the state." *Licciardello*, 544 F.3d at 1283. In contrast, the Georgia Supreme Court has expressly rejected a line of Georgia cases that "expanded subsection (2) to encompass nonresidents in those situations where the cause of action arising from injury in Georgia resulted from a tortious act or omission occurring outside this State." *Innovative Clinical & Consulting Servs., LLC*, 279 Ga. at 673, 620 S.E.2d at 354. According to the Georgia Supreme Court, "under subsection (2) a Georgia court may exercise personal jurisdiction over a nonresident who commits a tortious act or omission within this State. . . and under subsection (3) a Georgia court may exercise personal jurisdiction over a nonresident who commits a tortious injury in Georgia caused by an act or omission outside Georgia only if" the tort-feasor's conduct in Georgia meets the other requirements set forth in subsection (3). *Id.* at 674, 620 S.E.2d at 354. Thus, the Georgia courts interpret subsection

12

(2) of the Georgia long-arm statute differently than the Florida courts interpret a similar requirement in their long-arm statute. Sitting in Georgia, this Court must follow the Georgia courts on this issue.

The Court finds that Defendants' alleged tortious conduct occurred in Arkansas, where Defendants created the websites displaying the REALBUD products. *See Huggins v. Boyd*, 304 Ga. App. 563, 565, 697 S.E.2d 253, 255 (2010) (finding that although the offense at issue was deemed by statute to occur where the email communication was received, the conduct giving rise to the offense "occurred at the physical place where [the defendant] typed in and sent his emails," and therefore the defendant's conduct failed to satisfy subsection (2) of the Georgia long-arm statute). Under the Georgia courts' interpretation of the tortious act requirement, injury to JOEL in Georgia as a result of Defendants' conduct in Arkansas cannot be considered a "tortious act or omission within" Georgia for purposes of subsection (2) of the Georgia long-arm statute.

Plaintiff also argues that the court in *Licciardello* concluded that the defendant actually committed the tort of trademark infringement in Florida because the website displaying the infringing marks was accessible in Florida. *See Licciardello*, 544 F.3d at 1283 (finding "the alleged infringement clearly also occurred in Florida by virtue of the

website's accessibility in Florida"). Even if infringement occurred in Georgia as a result of Georgia residents viewing the infringing marks on Defendants' websites, so that the infringement was "passed off" in Georgia, the conduct giving rise to the infringement occurred in Arkansas, where Defendants created the websites. *See Huggins*, 204 Ga. App. at 565, 697 S.E.2d at 255 (holding that although offense of stalking was deemed to occur where the victim received the email communications, the conduct giving rise to the offense of stalking occurred at the physical place where the defendant typed in and sent the emails and therefore did not meet subsection (2) of the long-arm statute). Thus, under the Georgia long-arm statute, Defendants' tortious act did not occur in Georgia.

    C.   <u>Tortious Injury in Georgia</u>

Finally, Plaintiff argues that it has satisfied subsection (3) of the Georgia long-arm statute by demonstrating that Defendants committed a tortious injury in Georgia caused by an act or omission outside the state. Plaintiff, however, cannot satisfy the other prong of subsection (3), which requires that such a tort-feasor "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state." O.C.G.A. § 9-10-91(3). Plaintiff

14

argues that Defendants caused a tortious injury in Georgia and that Defendants regularly solicit business in Georgia by operating the websites that are accessible to Georgia residents. The Court rejects this argument. The websites do not target Georgia residents in any way. The Court cannot conclude that Defendants regularly solicit business *in Georgia* solely by operating a website that is accessible here and everywhere else. In Georgia, "[t]he rule that controls is our statute, which requires that an out-of-state defendant must do certain acts within the state of Georgia before he can be subjected to personal jurisdiction." *Innovative Clinical & Consulting Servs., LLC*, 279 Ga. at 673, 620 S.E.2d at 353 (alteration in original) (internal quotation marks omitted). Defendants have not regularly solicited business in Georgia or satisfied the other additional requirements of subsection (3) of Georgia's long-arm statute. Therefore, personal jurisdiction cannot be exercised over Defendants under this provision of the statute.

## II. Constitutional Due Process

Although the Court suggested in a previous Order that the exercise of personal jurisdiction over Defendants would not likely violate their constitutional right to due process, Order, Jan. 21, 2011, ECF No. 21, the Court does not need to decide this issue given its finding that Defendants' conduct fails to

15

16

meet the independent requirements imposed by the Georgia long-arm statute.

CONCLUSION

For the reasons set forth above, Defendants' Motion to Set Aside Entry of Default Judgment (ECF No. 15) is granted, and this action is dismissed for lack of personal jurisdiction.

IT IS SO ORDERED, this 26th day of September, 2011.

                                        S/Clay D. Land
                                            CLAY D. LAND
                                   UNITED STATES DISTRICT JUDGE